Filed 1/31/23 P. v. Opada CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C095530 |
| v. | (Super. Ct. No. 62170477) |
| OPADA JOSEPH OPADA, | |
| Defendant and Appellant. | |

A jury convicted defendant Opada Joseph Opada of attempted murder and assault with a deadly weapon. The trial court sentenced him to life with the possibility of parole for the attempted murder, a consecutive four-year upper term for the assault with a deadly weapon, a consecutive three-year term for a finding of great bodily injury, and a consecutive one-year term for use of a deadly weapon.

Defendant now contends the case should be remanded for resentencing in light of recent amendments to Penal Code section 1170[1] made by Senate Bill No. 567 (2021-2022 Reg Sess.) (Stats. 2021, ch. 731, § 1.3). We will vacate defendant's sentence and remand for resentencing.

## BACKGROUND

While in a library, defendant repeatedly stabbed an individual in the chest with a knife. On his way out of the library, defendant slashed another person across the face. Defendant also slashed an off-duty officer who attempted to subdue him.

The jury found defendant guilty of attempted murder (§§ 664, 187, subd. (a)) and found true allegations of premeditation, great bodily injury (§ 12022.7, subd. (a)), and use of a deadly weapon (§ 12022, subd. (b)(1)). The jury also found defendant guilty of assault with a deadly weapon. (§ 245, subd. (a)(1).)

At sentencing, the trial court considered the following aggravating factors: (1) that this was a crime of great violence, (2) that a victim sustained great bodily harm, (3) that the crime involved a high degree of cruelty, viciousness, and callousness, (4) that a victim was vulnerable, and (5) that defendant presents a danger to others. The trial court also considered defendant's assertion of mitigating circumstances and ultimately sentenced defendant as follows: a term of life in prison with the possibility of parole for the attempted murder (§§ 664, 187, subd. (a)), a consecutive four-year upper term for the assault with a deadly weapon (§ 245, subd. (a)(1)), a consecutive three-year term for the finding of great bodily injury (§ 12022.7, subd. (a)), and a consecutive one-year term for the use of a deadly weapon (§ 12022, subd. (b)(1)).

---

[1] Undesignated statutory references are to the Penal Code.

## DISCUSSION

Defendant argues he is entitled to resentencing in light of section 1170, subdivision (b)(2), which limited the trial court's discretion to impose the upper term. Given section 1170, subdivision (b)(6), he also argues resentencing is proper because the record suggests past trauma contributed to the commission of the charged offenses, for which he should have an opportunity to develop the record to assist the trial court in exercising its discretion. The People agree resentencing based on the amendments to section 1170, subdivision (b) is appropriate. We agree with the parties that amended section 1170 applies retroactively to defendant's nonfinal conviction. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

Senate Bill No. 567, effective January 1, 2022, changed the requirements for using aggravating circumstances and altered sentencing discretion under section 1170. (Stats. 2021, ch. 731.) Among other things, Senate Bill No. 567 amended section 1170 to prohibit upper-term sentencing unless factors in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or established by a certified record of conviction. (§ 1170, subd. (b)(2), (3).) Senate Bill No. 567 also creates a presumption in favor of the low prison term if defendant's youth or psychological, physical, or childhood trauma contributed to the commission of the offense. (§§ 1170, subd. (b)(6).)

Here, the trial court sentenced defendant to the upper term for assault with a deadly weapon. But the aggravating factors were not established in a manner consistent with Senate Bill No. 567. Although the record may ultimately support one or more findings of aggravating factors, because the trial court did not have the benefit of the amendments to section 1170, we will remand the matter for resentencing consistent with current law. Under the circumstances, we need not address defendant's contention that he is entitled to the ameliorative benefit of Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1).

# DISPOSITION

Defendant's sentence is vacated and the matter is remanded to the trial court for resentencing consistent with current law. The judgment is otherwise affirmed. Following resentencing, the trial court shall send an amended abstract of judgment, as appropriate, to the Department of Corrections and Rehabilitation.


/S/
MAURO, Acting P. J.


We concur:


/S/
KRAUSE, J.


/S/
BOULWARE EURIE, J.

4